NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 30 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARC DANIEL ESCOVER MENDOZA, | No. 19-72376 |
| Petitioner, | Agency No. A087-116-842 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 24, 2026**
Pasadena, California

Before: FRIEDLAND, FORREST, and DESAI, Circuit Judges.

Petitioner Marc Mendoza, a native and citizen of the Philippines, appeals from

the Board of Immigration Appeals' (BIA) denial of his motion for reconsideration

of its previous dismissal of his appeal from an Immigration Judge's (IJ)

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

determination that he had not established a good-faith marriage.[1] We deny the petition.

We review the denial of a motion to reconsider for abuse of discretion but review related questions of law, including due-process challenges, de novo. *Ayala v. Sessions*, 855 F.3d 1012, 1020 (9th Cir. 2017); *Olea-Serefina v. Garland*, 34 F.4th 856, 866 (9th Cir. 2022). The BIA abuses its discretion when its decision is "arbitrary, irrational, or contrary to law." *Lona v. Barr*, 958 F.3d 1225, 1229 (9th Cir. 2020) (citation omitted). To succeed on a due-process claim, a petitioner must show "that the hearing was fundamentally unfair and that [he] was prejudiced by the violation." *Hammad v. Holder*, 603 F.3d 536, 545 (9th Cir. 2010) (citation modified).

**1.** **_Treatment of Evidence._** Mendoza asserts that the agency did not properly address the record evidence. He raised this argument in his motion for reconsideration and the BIA addressed it, including by offering specific citations to previous decisions and pieces of evidence. The record does not establish that the BIA acted "arbitrar[ily], irrational[ly], or contrary to law" in denying reconsideration based on the agency's treatment of the record. *Lona*, 958 F.3d at 1229 (citation

---

[1]Mendoza did not timely petition for review of the underlying dismissal. 8 U.S.C. § 1252(b)(1). Because the Government has invoked this mandatory claims-processing rule, our review is limited to the denial of the motion for reconsideration. *See Riley v. Bondi*, 606 U.S. 259, 275–77 (2025); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir. 1996).

omitted); *cf. Mejia v. Ashcroft*, 298 F.3d 873, 879–80 (9th Cir. 2002) (holding the BIA abused its discretion when it failed to consider evidence and claims in both the underlying proceeding and motion to reopen).

2. ***Due-Process Challenge.*** Mendoza also asserts that the agency erred by failing to consider his due-process challenge raised for the first time in his motion for reconsideration and for concluding that, even absent forfeiture, the claim failed on the merits. The BIA did not abuse its discretion in declining to consider the due-process claim as improperly raised. *See Mohammed v. Gonzales*, 400 F.3d 785, 792 n.8 (9th Cir. 2005) ("A motion to reconsider does not present new law or facts, but rather challenges determinations of law and fact made by the BIA."). And the BIA's alternative conclusion that the claim would fail on the merits was not error because the record does not reflect that the IJ was biased against Mendoza. *Cf. Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006) ("Even though [the] IJ expressed skepticism . . . [and] showed impatience at times, [Petitioner] had ample opportunity to present his case, and the record as a whole does not suggest that the IJ did not conduct the hearing with an open mind.").

**PETITION DENIED.**